Filed 8/22/25  P. v. Marquez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B337121 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA107086) |
| v. | |
| ROBERT ANTHONY MARQUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Amy N. Carter, Judge.  Affirmed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Robert Anthony Marquez appeals from a judgment entered after he pled no contest to one count of assault with a deadly weapon under Penal Code section 245, subdivision (a)(1).[1]  The trial court sentenced him to the low term of two years in state prison.  Marquez's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no arguable issue and requesting that this court independently review the record.  Marquez did not file a supplemental brief or letter after counsel and this court sent him written notice of his right to do so.  We have reviewed the entire record and discerned no arguable issue.  Accordingly, we affirm.

## BACKGROUND

### A.  Marquez assaulted a minor with a car door.

We summarize the facts of Marquez's offense as described in the preliminary hearing transcript, which supplied the factual basis for his no-contest plea.

In November 2022, Ashleigh Farley, accompanied by her sons Brandon (then 13 years old) and Justice (18 years old), parked her white SUV on the street across from her house in Redondo Beach.  Marquez lived in a nearby house on the same street and also had a white car, which was smaller than Farley's.  As Farley walked toward her house, Brandon and Justice searched her SUV for Brandon's misplaced AirPods.

---

[1] Undesignated statutory references are to the Penal Code.

When Brandon stood up after bending over to search the car's backseat, he felt a quick hit of pressure to his back.[2] Brandon's forehead struck one of the car's windows, leaving a two-inch cut on his forehead and a big hole in the window. Brandon suffered a concussion and blacked out. When he regained consciousness, Marquez was on top of him, yelling and screaming at him. Brandon ran to his mother, Farley, who saw his head bleeding.

Marquez claimed that Farley's car was his, and demanded to know what Justice (who remained in the car) and Brandon were doing in it. Farley told Marquez it was *her* car. Marquez slammed a car door into Justice's leg.

Farley reiterated that the car was hers and confronted Marquez about how he had struck Brandon, which he denied. Marquez's wife emerged from their nearby house and confirmed that the car was not his; he and his wife then entered their house until police arrived in response to Farley's 911 call.

Brandon went to the hospital. Brandon's injuries caused him migraines that persisted through the time of the preliminary hearing and prevented him from playing sports.

## B.  After Marquez conditionally pled no contest to the assault, he violated the terms of his conditional plea and was sentenced to the low term of two years.

In June 2023, the People charged Marquez by information with assault with a deadly weapon (a car door) upon Brandon (§ 245, subd. (a)(1); count 1); child abuse upon Brandon under

---

[2] Brandon did not know what hit him. In pleading no contest to assaulting Brandon with a deadly weapon, Marquez admitted he used a car door.

circumstances likely to cause great bodily injury or death (§ 273a, subd. (a); count 2); and assault with a deadly weapon (a car door) upon Justice (§ 245, subd. (a)(1); count 3).

In August 2023, Marquez entered a negotiated conditional plea of no contest to the assault on Brandon charged in count 1. The trial court dismissed the remaining counts.

The court found Marquez guilty of count 1, but put off sentencing for one year to afford Marquez the opportunity to refrain from consuming alcohol, complete six months of an outpatient alcohol program followed by six months of weekly AA meetings, enroll in anger management classes, comply with a protective order, and obey all laws. If he met all conditions successfully, the People agreed to request that his felony conviction be reduced to a misdemeanor with one year of summary probation. If unsuccessful, his plea would become an open plea, and he could be sentenced up to the middle term of three years in prison. (See § 245, subd. (a)(1) [offense punishable by imprisonment for two, three, or four years].) The court expressly admonished Marquez that it intended to impose the middle term if he consumed alcohol or otherwise violated the conditions of his plea. Marquez confirmed that he understood the court's intent and agreed to the conditions.

On September 30, 2023, as Marquez admitted at sentencing, he violated his conditional plea agreement by driving with a blood alcohol content of 0.16 percent and without a valid driver's license. Soon after, he voluntarily entered a residential alcohol treatment program.

In February 2024, at sentencing, Marquez called several witnesses to speak about his importance to his family and his successful participation in the residential program and AA. He

asked the court to sentence him to two years of probation with a requirement to remain in the residential program. The prosecutor argued that the court should sentence Marquez to the low term of two years in state prison.

The court found Marquez unsuitable for probation based on the nature of his offense, his violations of his plea agreement, and his prior criminal history (which included a misdemeanor hit-and-run conviction and a misdemeanor domestic violence conviction). The court sentenced Marquez to the low term of two years, explaining that Marquez's witnesses and the prosecutor's "leniency" had persuaded the court not to impose the middle term of three years as it had originally intended. The court ordered victim restitution in an amount to be determined, and waived all mandatory fines and fees upon finding good cause and extraordinary circumstances.

On February 23, 2024, Marquez filed a timely notice of appeal based on the sentence or other matters occurring after the plea.

## DISCUSSION

We appointed counsel to represent Marquez on appeal. After examining the record, counsel filed a *Wende* brief raising no arguable issue and requesting that we independently review the record. (*Wende*, *supra*, 25 Cal.3d at pp. 440-441.) Counsel declared that she wrote to Marquez to explain her evaluation of the record and her intent to file a *Wende* brief, and to inform him that he had the right to file a supplemental brief. In June 2025, we also sent Marquez a letter explaining he could, within 30 days, "submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which [he] wishes

this court to consider." Marquez did not file a supplemental brief or letter.

We have examined the entire record and are satisfied that counsel has complied with counsel's responsibilities and that no arguable issue exists. (*Wende*, *supra*, 25 Cal.3d at pp. 440-441; *People v. Kelly* (2006) 40 Cal.4th 106, 119.) Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

6